```
                                                              FILED
                                                        US DISTRICT COURT
                                                        DISTRICT OF NEBRASKA
       IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEBRASKA                    JAN 1 1 2007

                                                        OFFICE OF THE CLERK
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:06CR116 |
| | ) | |
| DALE GILES, | ) | ORDER |
| CHARMAR BROWN, | ) | |
| EVEREADA KOURIS, | ) | |
| GEORGE W. DOTSON, a/k/a "Chuckie", | ) | |
| RICHARD D. MCGINNIS, and | ) | |
| LAVELLE GILES, | ) | |
| | ) | |
| Defendants. | ) | |

NOW ON THIS __11__ day of January, 2007, this matter comes on before the Court upon the Stipulation of the parties (Filing No. 290). The Court reviews the file and the Stipulation and, being duly advised on the premises, finds as follows:

1. On October 18, 2006, the Federal Grand Jury sitting in the District of Nebraska returned a Fourth Superseding Indictment alleging nineteen vehicles owned by the Defendants, Charmar Brown and Dale Giles, were property constituting or derived from drug proceeds or were property used or intended to be used to facilitate the commission of the drug charges set out in the Fourth Superseding Indictment.

2. The Defendants, Charmar Brown and Dale Giles, do not admit the vehicles were either proceeds or facilitating property as alleged in the Fourth Superseding Indictment; however, because the vehicles are depreciating assets, the Plaintiff, Mr. Brown and Mr. Giles believe the vehicles should be dealt with in the most commercially reasonable manner.

3. The parties' Stipulation should be approved.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.     The parties' Stipulation is hereby approved.

B.     The following vehicles, mentioned in Count VII of the Fourth Superceding Indictment filed herein, shall will be sold by the United States Marshal for the District of Nebraska (herein after "Marshal") as soon as possible and in the most commercially reasonable manner:

1. A 2006 BMW 750 Li, VIN WBAHN83526DT35866 recovered from 7006 ½ Maple on April 4, 2006;

2. A 2006 BMW 750 Li, VIN WBAHN83586DT35953, recovered from 7006 ½ Maple on April 4, 2006;

3. A 2004 Chevrolet Corvette, VIN 1G1YY22G645112921 recovered from 7006 ½ Maple on April 4, 2006;

4 A 1973 Chevrolet Caprice, VIN 1L57H3S119839 registered to Dale Lamont Giles recovered from Milt's Mini Storage unit 245 on April 3, 2006;

5. A 1985 Cadillac El Dorado, VIN 1G6EL5782FE648329 recovered from Milt's Mini Storage unit 246 on April 3, 2006;

6. A 2005 Cadillac Escalade, VIN 3GYFK66N45G157635 registered to Dale Giles recovered in driveway at 6053 Ellison on April 4, 2006;

7. A 1973 Chevrolet Caprice Convertible, VIN 1N67R3S236208 recovered from 7603 Crown Point Ave. #292 on April 4, 2006;

8. A 1984 Dodge Ram 150 Van, VIN 2B7FB13H9EK247549 recovered from 7603 Crown Point Ave. #350 on April 4, 2006;

9. A 1966 Chevrolet Impala, VIN 1643768S241082 recovered from PS Auto Body, 2832 N. 70th Ave., on April 6, 2006;

10. A 1972 Chevrolet Monte Carlo, VIN 1H57J2K509758 recovered from PS Auto Body, 2832 N. 70th Ave., on April 6, 2006;

11. A 2000 Ford F-150, VIN 1FTRX18W0YKA54559 registered to K-Nown LLC recovered from Dale Giles and Lavelle Giles on 60th and Ames on April 4, 2006.

C. The parties believe none of these vehicles are encumbered. However, if it is discovered one of the vehicles is encumbered by a perfected security interest, then the Marshal shall structure the terms of the sale of that vehicle so any lien will be paid from the proceeds of that sale.

D. The Marshal shall reimburse his office for the expenses he incurred in bringing these vehicles to sale, including a reasonable sales commission, if applicable.

E. Any proceeds the Marshal obtains from the sale of these vehicles, after payment of any valid liens and the expenses his office incurred in conducting the sales, shall be held by the Marshal until further Order of this Court.

BY THE COURT:

_____
F. A. GOSSETT, III
United States Magistrate Judge

Prepared and submitted by:

Nancy A. Svoboda (#17429)
Attorney for the Plaintiff
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

Approved as to form and content:

CHARMAR BROWN, Defendant,

By: _____
SUSAN M. BAZIS (#20047)
Attorney at Law
209 S. 19th St., #477
Omaha, NE 68102
(402) 342-4246

DALE GILES, Defendant

By: _____
STEVEN J. LEFLER (#15434)
Attorney at Law
1823 Harney St., #1018
Omaha, NE 68102
(402) 342-4433