IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR116 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| DALE GILES, CHARMAR BROWN, and EVEREADA KOURIS, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 215) issued by Magistrate Judge F.A. Gossett recommending denial of the motions to suppress and for a *Franks* hearing filed by the Defendants Dale Giles, Charmar Brown, and Evereada Kouris (Filing Nos. 89, 93, 95). Giles, Brown and Kouris each filed statements of objections to the Report and Recommendation (Filing Nos. 243, 223, 250) and supporting briefs (Filing Nos. 244, 224, 251) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendants are charged with other codefendants in a multi-count Indictment with: conspiracy to distribute and possess with intent to distribute marijuana (Count I; Giles, Brown, Kouris); using, carrying, possessing and discharging a firearm during the drug trafficking crime charged in Count I (Count II; Giles, Brown); being a felon in possession of a firearm (Count III; Giles); possession of marijuana with intent to distribute (Count IV; Giles, Brown); using, carrying and possessing a firearm during the drug trafficking crime charged in Count IV (Count V; Giles, Brown); being a felon in possession of a firearm and ammunition (Count VI; Giles); criminal forfeiture of sums of currency, vehicles, financial accounts, real property and miscellaneous items of property (Count VII; Giles, Brown,

Kouris). The Defendants seek suppression of evidence obtained through searches of storage lockers, residences, a business, and vehicles.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded: the Defendants failed to meet their burden and are not entitled to a *Franks* hearing; Giles and Brown do not have standing to contest the search of the residence at 9723 Yates Street; probable cause supported the issuance of all of the search warrants; the search warrant described the residence at 2629 North 130th Street with sufficient particularity; the issuance of the no-knock warrants was justified and, in any event, the exclusionary rule does not apply to violations of the knock-and-announce requirement; the nighttime search warrants were properly issued; any violations of Nebraska Revised Statute § 29-815 were violations of ministerial requirements, the Defendants suffered no prejudice as a result of any violations, and officers did not recklessly disregard proper procedure with respect to the search warrant returns and inventories; Kouris voluntarily consented to the search of her residence at 1214 Applewood Drive, #G208, and the doctrine of inevitable discovery applied inasmuch as the apartment was searched after a search warrant was signed; probable cause existed for the search of Brown's impounded Chevy pickup truck, and the doctrine of inevitable discovery applies to the search of the truck because the vehicle was dismantled pursuant to an uncontested search warrant; the *Leon* good faith rule applies to the various search warrants, and none of the exceptions to the good faith rule applies.

On the basis of these determinations, Judge Gossett recommended that the motions to suppress and for a *Franks* hearing be denied.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a *de novo* determination of those portions of the report, findings, and recommendations to which the Defendants have objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

Judge Gossett provided an extremely thorough account of the events surrounding the numerous searches**.**  The Court has considered the transcript of the hearing conducted by Judge Gossett (Filing Nos. 180, 181).  The Court also carefully viewed the evidence (Filing No. 165).  Based on the Court's *de novo* review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

**FACTUAL BACKGROUND**

The facts are detailed in forty-six pages of the Report and Recommendation.  There are no objections to Judge Gossett's statement of facts.

Briefly, a homicide investigation revealed information that the homicide victims were involved in large scale marijuana sales to Giles and Brown.  Consequently, search warrants were obtained for storage units, business locations, residences and vehicles. The warrants for the storage units were nighttime warrants, and the residential warrants were no-knock warrants.  Seized were large amounts of marijuana, large amounts of cash, and several vehicles.  The investigation culminated in arrests of and charges against Giles, Brown, Kouris and six other codefendants.

## ANALYSIS

Giles, Brown and Kouris object to portions of Judge Gossett's Report and Recommendation. Giles argues: probable cause did not support the issuance of the search warrants; he met his burden for a *Franks* hearing; and the *Leon* good faith exception does not apply. (Filing No. 244.) Giles raised additional arguments that were not addressed in his brief. (Filing No. 243.) Because no basis or legal argument was provided in support of these additional arguments, they are deemed abandoned. NECrimR 57.3(a) (failure to brief an objection may be deemed to have abandoned the objection).

Brown's objections are as follows: probable cause did not support the issuance of the search warrants; he met his burden for a *Franks* hearing; the search warrant did not describe his residence at 2629 N. 130th Street with sufficient particularity; his Chevy pickup truck was improperly searched; the inevitable discovery doctrine does not apply to the search of his truck; and the *Leon* good faith exception does not apply to the various search warrants.

Kouris objects as follows: probable cause did not support issuance of the search warrant for storage unit # 478 at the Crown Point Storage facility; she met her burden and is entitled to a *Franks* hearing regarding omissions in the affidavit submitted in support of the search warrant for storage unit # 410; she did not voluntarily consent to the search of her residence at 1214 Applewood Drive, # G208; probable cause did not justify issuance of the search warrant for 1214 Applewood Drive, # G208; and the *Leon* good faith exception does not apply.

The objections are discussed below.

4

**PROBABLE CAUSE FOR ISSUANCE OF SEARCH WARRANTS**

"To be valid, a search warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, contraband, or a person for whose arrest there is probable cause may be found in the place to be searched." *Walden v. Carmack,* 156 F.3d 861, 870 (8th Cir. 1998). "The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). "'"Probable cause" to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place.' . . . Courts should apply a common-sense approach and, considering all the relevant circumstances, determine whether probable cause exists." *United States v. Buchanan,* 167 F.3d 1207, 1211 (8th Cir. 1999) (quoting *United States v. Reivich,* 793 F.2d 957, 959 (8th Cir. 1986)). The probable cause determination may only be made based on the information contained on the face of the affidavit. *See United States v. Jacobs,* 986 F.2d 1231, 1234 (8th Cir. 1993).

Probable cause exists "when the facts and circumstances within an officer's knowledge are sufficiently trustworthy to warrant a person of reasonable caution to believe that a crime has been committed and that seizable property from that crime may be located at a particular place or on a person to be searched." *United States v. Gipp,* 147 F.3d 680, 687 (8th Cir. 1998). Probable cause may be established by the observations of trained law

enforcement officers or by circumstantial evidence.  *United States v. Searcy,* 181 F.3d 975, 981 (8th Cir. 1999); *United States v. Edmiston,* 46 F.3d 786, 789 (8th Cir. 1995).

Substantial deference is given to an issuing judge's determination of probable cause.  That determination should be upheld "unless the issuing judge lacked a substantial basis for concluding that probable cause existed."  *Edmiston,* 46 F.3d at 788.

### *All Affidavits - Giles, Brown*

Giles and Brown argue generally that the search warrant affidavits fail to set forth sufficient probable cause because: much of the information provided is based on uncorroborated statements of unreliable informants; and information in the affidavits is based generally on the affiants' experience regarding criminal activity unrelated to this case.

An informant's reliability may be established by a known track record of past reliable information or by corroboration.  *United States v. Lucca,* 377 F.3d 927, 933 (8th Cir. 2004). Corroboration alone may suffice where the affiant lacks prior experience with the informant. *United States v. Caswell,* 436 F.3d 894, 899 (8th Cir. 2006).  In the instant case, the affiants took great care to describe their corroboration of details learned from each informant's statement.  Officers corroborated the information supplied through sources such as a photo lineup, additional interviews, airline records, bank and credit card records, and receipts.

The argument that the search warrant affidavits include information based solely on the affiant officers' experience as narcotics investigators is not persuasive.  The affidavits do state that the officers have specific knowledge regarding storage units used as tools in drug operations.  The information known to the experienced officers, together with the

corroborating information specifically relating to the rented storage units, amply satisfies the probable cause standard when viewed under the totality of the circumstances. *United States v. Lacey,* 170 Fed. Appx. 994, at **2 (8th Cir. 2006) (considering an affiant officer's "statement that drug distributors often store distribution items at their homes").

In summary, the search warrant affidavits contain sufficient probable cause to support the issuance of the warrants.

### *Storage Unit # 478 - Kouris*

Kouris specifically argues that the affidavit supporting the application for the search warrant for storage unit # 478 was deficient in: failing to connect Kouris to other individuals, matters or events detailed in the affidavit; and including stale information.

The required standard for a probable cause determination is described above. There is no requirement that a certain individual be connected to a place to be searched. Kouris has cited no legal authority in support of her position.

Regarding staleness, no specific amount of time is used in determining whether information in a search warrant affidavit is stale. *United States v. Stevens,* 439 F.3d 983, 988 (8th Cir. 2006). Important factors in determining timeliness relate to the circumstances of the case, including the nature of the crime and the property sought in a search. *United States v. Kennedy,* 427 F.3d 1136, 1141 (8th Cir. 2005). Kouris has not specified which information she believes is stale; rather, her claim is a general one. The affidavit describes a lengthy, continuous investigation involving numerous individuals and locations. Under the circumstances of this particular case, the earlier acquired information is not stale but rather constitutes initial steps in the investigation.

### *1214 Applewood Drive, # G208 - Kouris*

Kouris argues: the traffic stop preceding the search of her home was not justified; she did not voluntarily consent to the search of her residence; probable cause did not justify issuance of the search warrant for her residence; and the *Leon* good faith exception does not apply.

Even assuming for the sake of argument that the traffic stop of Kouris was improper, her consent was "'sufficiently an act of free will to purge [any] primary taint.'" *United States v. Moreno,* 280 F.3d 898, 900 (8th Cir. 2002) (quoting *United States v. Ramos,* 42 F.3d 1160, 1164 (8th Cir. 1994)).  First, the Court must consider the following characteristics of an individual to determine whether consent was voluntary: age; intelligence; intoxication; advice of *Miranda* rights; and previous arrests.  *United States v. Chaidez,* 906 F.2d 377, 381 (8th Cir. 1990).  The Court also considers the following characteristics of the environment in which the consent was given to determine voluntariness: length of detention; whether law enforcement threatened, intimidated, or punished the suspect; whether law enforcement made promises or misrepresentations; whether the individual was in custody or under arrest when the statement was made; whether the alleged consent was given in a public or private place; and whether the suspect objected or stood silently nearby during the search.  *Id.*  The factors are not meant to be applied mechanically, but rather they serve as a "guide to analysis."  *Id.*  The burden is on the government to show by a preponderance of the evidence that, under the totality of the circumstances, consent was voluntary.  *Id.* at 380.

To determine whether the consent was an independent act of free will, breaking the causal chain between the consent and the alleged constitutional violation, the Court must

consider three factors: the temporal proximity of the illegal conduct and the consent; 2) the presence of intervening circumstances; and 3) the purpose and the flagrancy of the initial misconduct.  *Moreno,* 280 F.3d at 900.

In this case, Kouris was in Officer Green's vehicle, she was not handcuffed or arrested, and no weapons were drawn.  Her children were in another vehicle, but Green's cruiser was in visual contact with the other vehicle.  After giving verbal consent without hesitation, Kouris signed a written consent to search form.  She asked no questions, did not ask for an attorney, and signed the form after being in the police cruiser for 30-45 minutes.  She was not questioned, threatened or coerced.  Kouris stated that she was a high school graduate and had not taken illegal drugs.  She did not appear to be under the influence.  She was 29 years old, appeared to be at least of average intelligence, and had a prior misdemeanor and felony criminal history.  Given the evidence and considering the personal and environmental facts discussed in *Chaidez*, the Court concludes that Kouris's consent was voluntary.  Turning to the taint inquiry, only a short amount of time elapsed between the stop and Kouris's consent.  Kouris consented at the scene of the stop.  Given these and other facts presented and viewed under the totality of the circumstances, the Court concludes that the intervening circumstances and low level of official misconduct in conducting the traffic stop, if any, balance the scale in favor of a finding that Kouris's consent was not tainted by any alleged misconduct that occurred during the course of the traffic stop.

Finally, with respect to the search warrant, the Court finds ample probable cause on the face of the affidavit together with the supplemental information considered by Judge Gossett (Ex. 27.)  Assuming, however, that probable cause did not exist, the Court

9

concludes that officers acted reasonably in relying on the search warrant and, therefore, the *Leon* good faith exception to the exclusionary rule would apply. *United States v. Leon,* 468 U.S. 897, 922-23 (1984).

**2629 N. 130TH ST. - INSUFFICIENT PARTICULARITY**

Brown argues that the search warrant for his residence at 2629 N. 130th Street was invalid because the residence was not described with sufficient particularity. On the first page of both the affidavit and warrant the address is erroneously described as "2926" N. 130th Street. However, the property is correctly described as "2629" N. 130th Street in the body of the affidavit.

In order to determine whether a warrant is sufficiently particular, the Court must consider "'whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched.'" *United States v. Pitts,* 173 F.3d 677, 680 (8th Cir. 1999) (quoting *United States v. Gitcho,* 601 F.2d 369, 371 (8th Cir.1979)).

Applying this test, crucially important are the following facts: the physical characteristics of the property in question were accurately described; officers had surveilled 2629 N. 130th Street prior to the search; officers were directed during the pre-search briefing to the correct address; and no residence or other building is located at "2926" N. 130th Street. The Court finds that the search warrant sufficiently describes with particularity the premises at 2629 N. 130th Street.

**BROWN'S CHEVY TRUCK**

Brown argues that officers lacked the right to search his Chevy pickup truck[1] pursuant to Nebraska Revised Statute 28-431(2)[2]; officers illegally searched the truck console to ascertain whether the blue truck that was seized was the same vehicle as the black truck referred to in police records; and the items found in the interior of the truck would not have been inevitably discovered through a later search because that later search involved dismantling of the pickup bed rather than the interior of the truck.

This Court concludes that given the facts known to officers at the time the truck and numerous other vehicles were seized during a search at 7006 ½ Maple Street, probable cause existed for a warrantless search of the truck that had been seized for forfeiture purposes. Neb. Rev. Stat. § 28-431(2) (2007); *Cooper v. California,* 386 U.S. 58, 61-62 (1967).[3]

---

[1]The truck is the 2004 Chevrolet Silverado K1500, VIN 2GCEK19T641181036, registered to Charmar/Audrey Brown recovered from 7006 ½ Maple on April 4, 2006.

[2]The Nebraska statute provides in pertinent part that a vehicle used to deliver a controlled substance may be seized without a warrant and subject to forfeiture and, if probable cause exists to believe that the vehicle was used or intended to be used to transport a controlled substance, the vehicle may be searched without a warrant. Neb. Rev. Stat. § 28-431(1) & (2) (2007). Only state officers were involved in the investigation of this case.

[3]Brown argues that *Cooper* does not apply to the instant case, because according to a note in an FBI memorandum the vehicle would not be forfeited because the lien on the vehicle was too high. (Ex. 22.) However, Officer Bogdanoff testified that regardless of the note in the FBI memorandum it had been decided that all vehicles, including the Chevy truck, would be forfeited. Moreover, the vehicle is the subject of the Fourth Superseding Indictment (Filing No. 189), and the parties have stipulated that the vehicle is subject to forfeiture (Filing No. 290).

Brown's argument that the inevitable discovery doctrine does not apply to the Chevy truck is without merit. Officer Bogdanoff testified that the vehicle was searched a second and third time.[4] Evidence was not adduced as to details of the second search. Bogdanoff testified that the third search was a thorough search for forensic evidence such as blood or hair inside and out using alternate light sources and Luminol. Bogdanoff's testimony does not indicate that the console area inside the truck was not an area of concern during the second and third searches; rather, his testimony indicates that the entire vehicle was subjected to search.

## *FRANKS* HEARING

The Defendants argue that they are entitled to a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978). To obtain a *Franks* hearing, one must: 1) make a "substantial preliminary showing" that a search warrant affidavit contains false information deliberately or recklessly in disregard of the truth; and 2) the information is necessary for a finding of probable cause. *Technical Ordnance, Inc. v. United States,* 244 F.3d 641, 647 n.3 (8th Cir. 2001). A similar analysis applies to omissions of fact. The defendant must show: 1) facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and 2) the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *United States v. Reinholz,* 245 F.3d 765, 774 (8th Cir. 2001); *United States v. Gladney,* 48 F.3d 309, 313 (8th Cir.1995). This "substantial preliminary showing" is "not lightly met." *United States v. Hively,* 61 F.3d 1358, 1360 (8th

---

[4]The search complained of during which officers sought paperwork in the console and found $16,000 in cash, a gun and ammunition in the console is considered the first search.

Cir. 1995). Mere allegations of negligence or innocent mistake are insufficient to make this substantial preliminary showing, *United States v. Najarian,* 915 F. Supp. 1441, 1455 (D. Minn. 1995), but "recklessness may be inferred from the fact of omission of information from an affidavit . . . when the material omitted would have been 'clearly critical' to the finding of probable cause." *United States v. Reivich,* 793 F.2d 957, 961 (8th Cir. 1986) (citation omitted). If the affidavit is sufficient to establish probable cause with the false material removed or with the omitted material included, no evidentiary hearing is required. *United States v. Crook,* 936 F.2d 1012, 1014 (8th Cir. 1991). Probable cause exists when the application for a search warrant "presents sufficient facts to justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Riedesel,* 987 F.2d 1388, 1390 (8th Cir. 1993).

### *Alleged Misrepresentations*

The Defendants allege that the following errors in the search warrant affidavits constitute misrepresentations: 1) Daramus Brown was identified as Charmar Brown's brother, while officers had information stating that Daramus is Charmar's cousin; 2) Charmar Brown rented storage unit # 410 at Crown Point Storage, while officers knew at the time that Brown had previously vacated the unit.

Officer Brian Bogdanoff testified that when he drafted the search warrant applications he was in possession of a police report that stated that Daramus Brown was Charmar Brown's cousin and not his brother. (TR 78-79.) He added that the police report was confusing to read. (TR 79.)

Officer Robert Laney testified in accordance with his written police report that in mid-March 2006, prior to drafting the search warrant applications, he was told by the manager

13

of the Crown Point Storage facility that Charmar Brown no longer rented storage unit # 410.  (TR 179-80; Ex. 26, at 3.)

Although the Defendants have pointed out these errors, they have not fulfilled their burden of showing that the errors were made deliberately or in reckless disregard for the truth.  Officer Bogdanoff testified that the errors were unintentional and made without any intent to mislead the issuing judge.  (TR 26, 29.)  The errors are clearly due to inadvertence, negligence or innocent mistake.  Moreover, even if the correct information would be inserted in the search warrant applications in both instances, the information is minor in importance and hardly necessary for a finding of probable cause.

*Omissions*

Defendants argue that the following information was recklessly omitted from the search warrant affidavits: information that Dale Giles and Charmar Brown filed income tax returns claiming $225,000 in business income and Brown's claim of $93,000 in personal income for the tax year 2004; and information indicating that in February of 2006, when storage unit # 410 was opened, nothing of evidentiary value was found.

The Defendants failed to meet their burden of showing that either of these pieces of information was omitted with the intent to make the affidavit misleading or in reckless disregard of making the affidavit misleading.  Defendants have also not shown that the affidavit, if supplemented by this information, could not support a finding of probable cause. The Court finds that the affidavit is replete with details supporting a finding of probable cause.  The claims of legitimate income are unsupported by anything other than references to IRS forms, and because storage unit # 410 contained no items of evidentiary value in February of 2006 does not mean that such items could not be found there in April of 2006.

Therefore, the Court finds that the Defendants failed to meet their burden of making a "substantial preliminary showing" needed to receive a *Franks* hearing. The evidence presented does not amount to a substantial showing that the affidavits included false information added deliberately or in reckless disregard for the truth. Neither does the evidence presented show that facts were omitted with the intent to make the affidavits misleading nor in reckless disregard of the meaning of the affidavits. The requests for a *Franks* hearing are denied.

## *LEON* GOOD FAITH EXCEPTION

The Defendants argue that the *Leon* good faith exception does not apply because no reasonable officer could have believed that the search warrants exhibited sufficient probable cause. Defendants argue that the following exceptions to the good faith rule apply in this case: it was entirely unreasonable that the affidavits contained sufficient probable cause; and the warrants were so facially deficient that no police officer could reasonably presume them to be valid. The Court disagrees. Defendants have presented no evidence to support their conclusory arguments, and, as stated earlier, the affidavits are replete with facts indicating probable cause. The issuing judge and the Magistrate Judge found that the affidavits include sufficient probable cause. *See United States v. Puckett,* 466 F.3d 626, 630 (8th Cir. 2006) (referring to other facts indicating probable cause and findings by the issuing judge, magistrate and district judges that probable cause existed).

## CONCLUSION

For the reasons discussed, the Court determines that the Defendants' objections to the Report and Recommendations should be overruled, the exhaustive Report and

Recommendation should be affirmed in its entirety, and the Defendants' motions to suppress and for a *Franks* hearing should be denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 215) is adopted in its entirety;

2. The statements of objections to the Report and Recommendation filed by the Defendants, Dale Giles (Filing No. 243), Charmar Brown (Filing No. 223), and Evereada Kouris (Filing No. 250) are overruled; and

3. The motions to suppress filed by the Defendants Dale Giles (Filing No. 89), Charmar Brown (Filing No. 93), and Evereada Kouris (Filing No. 95) are denied.

DATED this 19th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge