IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                          )<br>                    Plaintiff,        )<br>                                                          )<br>      vs.                                               )<br>                                                          )   8:06CR116<br>DALE GILES,                                    )<br>CHARMAR BROWN,                     )   ORDER<br>EVEREADA KOURIS, and           )<br>LAVELLE GILES,                         )<br>                                                          )<br>                    Defendants.    )   | |

This matter is before the court on the motion to continue trial [352] filed by defendant, Charmar Brown. The court has this date appointed substitute counsel for defendants Dale Giles and Charmar Brown and finds that the trial now set for May 1, 2007 must be continued to allow substitute counsel adequate time to prepare for trial.

**IT IS ORDERED** that the motion to continue trial [352] is granted, as follows:

1. The jury trial now set to begin May 1, 2007 is cancelled and will be rescheduled by further order after counsel participate in a pretrial conference with Judge Laurie Smith Camp pursuant to Fed. R. Civ. P. 17.1.

2. Counsel shall, no later than March 30, 2007, contact Judge Smith Camp's chambers to schedule the Rule 17.1 conference.

3. In accordance with 18 U.S.C. § 3161(h)(A), I find that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A) & (B)(ii). Further, the failure to grant a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. 3161(h)(8)(A) & (B)(iv). Thus, the time from **March 20, 2007 and the date of the Rule 17.1** conference shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act.

4. This order applies to all defendants.

**DATED March 20, 2007.**

                                              BY THE COURT:

                                              s/ F.A. Gossett
                                              **United States Magistrate Judge**