IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR116** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CHARMAR BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The Government has adopted the PSR and Addendum (Filing No. 598), and the Defendant Charmar Brown has raised several objections to it (Filing No. 599). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

Defendant objects generally to the prosecution's version of the offense and factual statements made in paragraphs 14-31 of the PSR. Further, Defendant objects to the findings and conclusions related to paragraph 122, that the Defendant should be held responsible for 8,536.7 kilograms of marijuana; paragraphs 123 and 132, that the offense level should be adjusted for his role as a leader or organizer in the offense; paragraph 125 that identifies him as a risk to the public; paragraph 130, that the base offense level is 43; paragraph 142 and the effect on his sentence for convictions of Count II and IV; and paragraph 146, that the offense described should not count as relevant conduct.

Defendant Brown also objects to the probation officer's failure to address the impact of *Gall v. United States,* — S.Ct. — (2007), but there is no basis for sustaining that

objection because the Court will give the Sentencing Guidelines the weight the Court believes they are due under the circumstances of this case, consistent with *Gall*.

Both the Government and Brown ask the Court to take judicial notice of the trial proceedings.

IT IS ORDERED:

1. The parties are notified that the Court will take judicial notice of the trial proceedings in this matter;

2. Counsel will be heard before sentencing with regard to the objections to paragraphs 122, 123 and 132, 130, 142, and 146;

3. In all other respects, the Court tentative findings are that the PSR is correct;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge