IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 8:06CR116 |
| vs. | ) |
| | ) **PRELIMINARY ORDER** |
| DALE GILES, | ) **OF FORFEITURE** |
| CHARMAR BROWN, | ) |
| EVEREADA KOURIS, | ) |
| TERRANCE HOWARD, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 637). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. On January 18, 2007, a federal grand jury sitting in this District returned a nine-Count Fifth Superseding Indictment against four Defendants including Dale Giles, Charmar Brown and Evereada Kouris. The Defendants Dale Giles, Charmar Brown and Evereada Kouris began a jury trial on September 25, 2007. On October 25, 2007, the jury convicted these individuals of all charges in the Fifth Superseding Indictment. Additionally, on the same day, the District Court, pursuant to Rule 32.2, Fed.R.Crim.P., forfeited these individuals' interest in the personal and real property described in Count IX of the Fifth Superseding Indictment.

2. The Defendant, Terrance Howard, did not go to trial. Rather, on January 4, 2007, he entered into a Plea Agreement whereby he agreed to enter pleas of guilty to a two-Count Information filed by the United States Attorney's Office on January 4, 2007. Count I charged him with one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21

U.S.C. § 846; Count II sought the forfeiture, pursuant to 21 U.S.C. § 853, of any and all jewelry taken from Terrance Howard on August 25, 2006, including but not limited to diamond earrings and a watch, on the basis they were used or were intended to be used to facilitate said controlled substance violation and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation. These items are set forth at ¶¶3.e.35 and .36, below.

3. The Defendants, Dale Giles, Charmar Brown and Evereada Kouris, have been found guilty by a jury of their peers as to Counts I-VIII of the Fifth Superseding Indictment filed herein. Count I charged the Defendants, Dale Giles, Charmar Brown and Evereada Kouris, with one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. Count II charged the Defendants Dale Giles and Charmar Brown with using, carrying, possessing and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (C)(i) and 18 U.S.C. § 2. Count III charged the Defendant, Dale Giles, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count IV charged the Defendants Dale Giles and Charmar Brown with using, carrying, possessing and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (C)(i) and 18 U.S.C. § 2. V and VIII charged the Defendant, Dale Giles, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count VI charged the Defendants Dale Giles and Charmar Brown with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B)(vii). Count IX of said Fifth Superseding Indictment seeks the forfeiture, pursuant to 21 U.S.C. § 853, of the following personal and real properties on the basis that they were used or were intended to be used to facilitate

controlled substance violations and/or were derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violations.

    a.    Eleven sums of currency totaling $711,368.00 listed at Count IX, subparagraph A.

    b.    Twenty vehicles listed at Count IX, subparagraph B. By Orders of this Court dated July 27, 2006, and January 11, 2007 (Filing Nos. 85 and 293), twelve of these vehicles have been sold. The United States Marshals Service ("Marshal") is in possession of $196,845.48, representing the net proceeds of the sale of those twelve vehicles. Additionally, the Marshal is still in possession of the following six vehicles:

        1.    2004 Chevrolet Silverado K1500, VIN 2GCEK19T641181036 registered to Charmar/Audrey Brown recovered from 7006 ½ Maple on April 4, 2006;

        2.    2003 Chevrolet K1500 Suburban, VIN 1GNFK16Z33J233442 registered to 40 Deuce Music Corp. recovered from 7006 ½ Maple on April 4, 2006;

        3.    2005 Dodge Durango, VIN 1D4HB48N55F551276 registered to Evereada Kouris recovered from 72nd and Cornhusker on April 4, 2006;

        4.    2002 Chevrolet K1500 Suburban, VIN 3GNFK16Z02G254524 registered to Charmar Brown recovered from 2629 N. 130th on April 4, 2006;

        5.    2003 Chevrolet Monte Carlo, VIN 2G1WW12E539234113 registered to Latasha Willis recovered from Milt's Mini Storage unit 427 on April 8, 2006;

        6.    2000 Buick LeSabre VIN 1G4HR54KXYU141529 registered to Dale Giles;

    c.    The six sums of money totaling $43,505.39, listed at Count IX, subparagraph C:

        1.    Edward Jones Account # 62309705 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,264.14

        2.    Edward Jones Account # 62309881 in name of Charmar A. Brown with a balance as of February 6, 2008, of $1,367.82

        3.      Edward Jones Account # 62309882 in name of Charmar A. Brown with a balance as of February 6, 2008, of $1,370.07

        4.      US Bank Account # 2-630-9900-6839 in name of Dale Giles with a balance as of April 18, 2006, of $662.20

        5.      US Bank Account # 1-508-9093-4758 in name of K-Nown (LLC) with a balance as of April 18, 2006, of $298.16

        6.      All interest Dale Giles has in any real estate commissions paid to or through Dan Swartz Realty and an escrow account with Talon Group, 3923 S. McClintock St., Ste. 410, Tempe, AZ 85282 for real property located at 11733 W. Hadley St., Avondale, AZ 85323, in the amount of $38,543.00;

d.      Real properties listed at Count IX, subparagraph D.
By Order of this Court dated January 30, 2007 (Filing No. 308), the properties located at 4824 S. 60th Street, Omaha, Nebraska, and 4816 S. 60th Street, Omaha, Nebraska were sold. The sale resulted in negative net proceeds of $21,188.67. Additionally, on November 17, 2006, the United States released its *Lis Pendens* on the 3811 N. 88 Ave., Omaha, Nebraska, property, and that property has been dismissed from the Fifth Superseding Indictment. Finally, the Marshal is still in constructive possession of the property locally known as 2118 Ames Avenue, Omaha, Nebraska.

e.      The Marshal is in possession of the following personal property comprising the "miscellaneous items" listed at Count IX, subparagraph E.

        1.      Alesis Speaker, Model 820DSP, serial no. AS3003030900108.

        2.      Alesis Speaker, Model 820DSP, serial no. AS3003030900101.

        3.      Sharp 36" Television, Model 36C530, serial no. A309812392.

        4.      Roland Keyboard with foot pedal - Phantom X8, serial no. ZT99314.

        5.      Two GE Vacuum Tube Microphone Power Supply Units.

6. Comp USA (unknown piece of computer equipment), Model CUHD80U2E-72, serial no. AZ0668354.

7. M-Audio Keyboard, Model possibly an Ozonic, serial no. 378618.

8. ETA Systems power distributor board, serial no. A8N31584.

9. ETA Systems power distributor board, serial no. A8N31585.

10. Powerplay PRO-XL, Model HA4700, serial no. N0534299184.

11. DeVanni Computer, no model number or serial number.

12. ViewSonic Flat monitor, Model VS10231, serial no. P8D050400370.

13. ViewSonic Flat monitor, Model VS10231, serial no. P8D050400392.

14. DIT computer keyboard with mouse.

15. Alesis DVD Recorder, Model ML-9600, serial no. A10412031302286.

16. Microphone and stand.

17. Motorola Dual Tuner DVR/HDTV Cable Converter, Acct # 0027060, Model DCT-RSA8888, serial no. GI1421TC4700.

18. Mackie Mixer Board, Model 1604-VLZ PRO, serial no. (21)BW69214.

19. Two Alesis Microphones with stands/mic guards/headphones.

20. Magnavox 55" Television.

21. JVC 56" Projection Television.

22. Ice Link Imitation Corum Watch.

23. Ice Tek Watch.

24. Gucci Watch.

25. Rope Chain and Cross Pendant.

26. 14K white gold diamond bad with 11 round full cut diamonds.

27. 10K yellow gold kinked herringbone chain, 8mm wide & 18" long with lobster claw clasp.

28. Pair of 14K white gold diamond earrings with 14 round full cut diamonds.

29. 10K white gold 3.4mm wide square curb chain, 40" long with lobster claw clasp.

30. 14K white gold diamond ring feature 84 princes cut diamonds.

31. 18K white gold diamond bracelet featuring 144 round full cut diamonds.

32. 14K white gold diamond pendant and chain featuring 187 princess cut, 176 round full cut diamonds.

33. 14K yellow gold diamond stud earring featuring one round brilliant cut diamond.

34. Benny & Company Round Quartz Watch with 67 round cut diamonds and 106 round single cut diamonds.

35. Half-pair diamond earrings with 9 princess cut diamonds.

36. Ice Link large rectangular quartz watch.

4. By virtue of Terrance Howard's pleas of guilty and the guilty verdicts of Dales Giles, Charmar Brown and Evereada Kouris, the Defendants forfeit their interests in the above-described properties, and the United States should be entitled to possession of the same, pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 637) is hereby sustained.

B.  Based upon Count IX of the Fifth Superseding Indictment, Count II of the Information, the guilty pleas and the jury's guilty verdicts, the United States is hereby authorized to seize the following-described properties:

- a.  Seven hundred eleven thousand three hundred sixty-eight dollars, as set forth in Count IX, subparagraph A.

- b.  One hundred ninety-six thousand eight hundred forty-five dollars and forty-eight cents, representing the net proceeds of the sale of twelve vehicles, as set forth in paragraph 3.d., above. Additionally, the Marshal is still in possession of the following six vehicles. The United States is authorized to seize the same:

    1.  2004 Chevrolet Silverado K1500, VIN 2GCEK19T641181036 registered to Chamar/Audrey Brown recovered from 7006 ½ Maple on April 4, 2006

    2.  2003 Chevrolet K1500 Suburban, VIN 1GNFK16Z33J233442 registered to 40 Deuce Music Corp. recovered from 7006 ½ Maple on April 4, 2006

    3.  2005 Dodge Durango, VIN 1D4HB48N55F551276 registered to Evereada Kouris recovered from 72nd and Cornhusker on April 4, 2006

    4.  2002 Chevrolet K1500 Suburban, VIN 3GNFK16Z02G254524 registered to Charmar Brown recovered from 2629 N. 130th on April 4, 2006

    5.  2003 Chevrolet Monte Carlo, VIN 2G1WW12E539234113 registered to Latasha Willis recovered from Milt's Mini Storage unit 427 on April 8, 2006

    6.  2000 Buick LeSabre VIN 1G4HR54KXYU141529 registered to Dale Giles

c. Forty-three thousand five hundred five dollars and thirty-nine cents, representing the total amount of money set forth in Count IX, subparagraph C.

d. The real property locally known as 2118 Ames Avenue, Omaha, Nebraska.

e. The following personal property comprising the "miscellaneous items" listed at Count IX, subparagraph E.

1. Alesis Speaker, Model 820DSP, serial no. AS3003030900108.

2. Alesis Speaker, Model 820DSP, serial no. AS3003030900101.

3. Sharp 36" Television, Model 36C530, serial no. A309812392.

4. Roland Keyboard with foot pedal - Phantom X8, serial no. ZT99314.

5. Two GE Vacuum Tube Microphone Power Supply Units.

6. CompUSA (unknown piece of computer equipment), Model CUHD80U2E-72, serial no. AZ0668354.

7. M-Audio Keyboard, Model possibly an Ozonic, serial no. 378618.

8. ETA Systems power distributor board, serial no. A8N31584.

9. ETA Systems power distributor board, serial no. A8N31585.

10. Powerplay PRO-XL, Model HA4700, serial no. N0534299184.

11. DeVanni Computer, no model number or serial number.

12. ViewSonic Flat monitor, Model VS10231, serial no. P8D050400370.

13. ViewSonic Flat monitor, Model VS10231, serial no. P8D050400392.

14. DIT computer keyboard with mouse.

15. Alesis DVD Recorder, Model ML-9600, serial no. A10412031302286.

16. Microphone and stand.

17. Motorola Dual Tuner DVR/HDTV Cable Converter, Acct # 0027060, Model DCT-RSA8888, serial no. GI1421TC4700.

18. Mackie Mixer Board, Model 1604-VLZ PRO, serial no. (21)BW69214.

19. Two Alesis Microphones with stands/mic guards/headphones.

20. Magnavox 55" Television.

21. JVC 56" Projection Television.

22. Ice Link Imitation Corum Watch.

23. Ice Tek Watch.

24. Gucci Watch.

25. Rope Chain and Cross Pendant.

26. 14K white gold diamond bad with 11 round full cut diamonds.

27. 10K yellow gold kinked herringbone chain, 8mm wide & 18" long with lobster claw clasp.

28. Pair of 14K white gold diamond earrings with 14 round full cut diamonds.

29. 10K white gold 3.4mm wide square curb chain, 40" long with lobster claw clasp.

30. 14K white gold diamond ring feature 84 princes cut diamonds.

31. 18K white gold diamond bracelet featuring 144 round full cut diamonds.

32. 14K white gold diamond pendant and chain featuring 187 princess cut, 176 round full cut diamonds.

33. 14K yellow gold diamond stud earring featuring one round brilliant cut diamond.

34. Benny & Company Round Quartz Watch with 67 round cut diamonds and 106 round single cut diamonds.

35. Half-pair diamond earrings with 9 princess cut diamonds.

36. Ice Link large rectangular quartz watch.

C. The Defendants' interests in said properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the

Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 14th day of February, 2008.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge