IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:06CR116 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM |
| ) | AND ORDER |
| CHARMAR BROWN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 800) filed by the Defendant, Charmar Brown, through counsel.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Brown was found guilty after a jury trial of the following counts of the Fifth Superseding Indictment: I (conspiracy to distribute or possession with intent to distribute at least 1,000 kilograms of marijuana); II, IV, VII (using or carrying a firearm in relation to a drug trafficking crime); and VI (possession with intent to distribute at least 100 kilograms of marijuana).  Brown was sentenced to the following terms of imprisonment: life on Counts I and VI (grouped); 120 months on Count II, to be served consecutive to the terms imposed on Counts I and VI; 300 months on Count IV, to be served consecutive to all other counts;

and 300 months on Count VII, to be served consecutive to all other counts.  Property was also forfeited.

Brown appealed, raising several grounds.  The Eighth Circuit Court of Appeals reversed Brown's conviction on Count VII, remanded his case for resentencing, and otherwise affirmed this Court's judgment.

Brown was resentenced, and Count VII was vacated.  Brown was sentenced as he was previously on the remaining counts.  The United States Supreme Court denied Brown's petition for a writ of certiorari.  His timely § 2255 motion followed.

Susan Bazis was retained as Brown's first attorney.  On March 20, 2007, she was granted leave to withdraw when she was appointed to serve as a Douglas County Court Judge.  Michael Levy was then appointed to represent Brown, and he represented Brown at trial and sentencing, and he began the appeal process.  Jessica Milburn was appointed by the Eighth Circuit as co-counsel.  Levy withdrew during the appeal process, and Jessica Milburn was appointed as co-counsel and later as sole counsel when Levy withdrew.  Levy is now deceased.  Milburn withdrew on July 24, 2009, approximately four months after the Eighth Circuit issued its opinion and after Brown was resentenced.  Tracy Hightower entered her appearance on the day she filed Brown's § 2255 motion.

## DISCUSSION

In his § 2255 motion, Brown argues that he received ineffective assistance of counsel from trial counsel Bazis and Levy.  Specifically, Brown argues: Bazis and Levy failed to advise him he faced a life sentence and that he could be convicted based on co-conspirator liability; Bazis represented him despite a conflict of interest; Bazis and Levy failed to move for a dismissal based on speedy trial grounds; Levy failed to challenge

evidence regarding Count II or, alternatively, to request a limiting instruction; and Levy failed to challenge the murder cross reference, U.S.S.G. § 2D1.1(d)(1), that raised his base offense level.

In order to establish ineffective assistance of counsel, Brown must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to show that, but for the alleged "unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

**I.   Advice Regarding Life Sentence and Coconspirator Liability**

Brown argues that both Bazis and Levy were ineffective in failing to advise him that he faced life imprisonment on the drug counts under the sentencing guidelines and never told him he faced consecutive 25-year sentences on the gun counts. He also argues his attorneys never advised him he could be found guilty under coconspirator liability.

The government will be ordered to answer this claim.

**II.   Bazis's Alleged Conflict of Interest**

Brown argues that Bazis was ineffective for continuing to represent him despite a conflict of interest. Specifically, Brown states that during the time she represented him she simultaneously represented James Giles, a cousin of Brown's codefendant Dale Giles, in state court and was being paid by Dale Giles for James Giles's representation. He also

3

states that Bazis previously represented codefendants Dale Giles, Terrance Howard, Evereada Kouris.

The government will be ordered to answer this claim.

### III.    Speedy Trial

Brown argues Bazis and Levy were ineffective because they failed to move for a motion to dismiss based on speedy trial grounds. Specifically, Brown argues that under *Zedner v. United States,* 547 U.S. 489 (2006) the Court should have made specific findings explaining why the ends of justice were served under 18 U.S.C. § 3161(h)(7). He asserts the Court's general boilerplate language was insufficient. He also argues a Speedy Trial Act violation requires dismissal.

Brown references two orders granting continuances and excluding speedy trial time. In the first order, the Court granted Bazis's motion to withdraw and continue, in which she noted that new counsel would need time to prepare in light of her withdrawal. (Filing No. 352.) In granting the motion, the Court stated:

> In accordance with 18 U.S.C. § 3161(h)(A), I find that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A) & (B)(ii). Further, the failure to grant a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. 3161(h)(8)(A) & (B)(iv). Thus, the time from **March 20, 2007 and the date of the Rule 17.1** conference shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act.

(Filing No. 366.)

4

The second order referenced by Brown followed a conference held under Federal Rule of Criminal Procedure 17.1 attended by Brown. (Filing No. 399.) Three days after the conference, based on discussion held during the conference, the Court specifically stated its order was entered as a result of the conference and "to promote a fair and expeditions trial." In excluding additional speedy trial time, the Court stated:

> The time between May 1, 2007, and September 25, 2007, is excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(8)(A) because the ends of justice served by such an exclusion outweigh the interest of the public and of the Defendants in a speedy trial. Specifically, the case is so unusual and complex, due to the number of Defendants, the nature of the prosecution, and the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161(c)(1).

(Filing No. 401.)

The Court acknowledges the preference under *Zedner* and its progeny for specific findings other than statutory language. However, the Eighth Circuit has stated that references to statutory subsections or recitation of statutory language suffices, particularly when the facts are clear from the motion or other matter prompting the order. *United States v. Lucas,* 499 F.3d 769, 782 (8th Cir. 2007); *United States v. Gamboa,* 439 F.3d 796, 803 (2006).

Based on the Eighth Circuit's interpretation of *Zedner* together with the context of the motion and conference that led to the orders in question, and the language in the order filed as a result of the Rule 17.1 conference, Brown cannot prove either prong of *Strickland*. Therefore, this claim is summarily denied.

### IV. Evidence Regarding Count II; Limiting Instruction

Brown claims that Levy was ineffective for failing to object under Federal Rule of Evidence 404(b) to the testimony of witnesses Cyrinthia Williams and Clarence Dennis or, alternatively, to request a limiting instruction.

The government will be ordered to answer this claim.

### V. U.S.S.G. § 2D1.1(d)(1)

Brown argues Levy was ineffective for not objecting to the murder cross reference, § 2D1.1(D)(1), which raised his base offense level to 43 based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.[1]  Brown argues that under *Blakely v. Washington,* 542 U.S. 296 (2004) the facts that led to the application of § 2D1.1(d)(1) should have been found by a jury beyond a reasonable doubt as opposed to a judge by a preponderance of the evidence.

Dale Giles raised this argument on direct appeal.  The Eighth Circuit noted that because the jury found beyond a reasonable doubt that Giles was responsible for distributing more than 1,000 kilograms of marijuana, he already faced a statutory life sentence based on the drug quantity.  Therefore, the court reasoned that "the district court's finding did not result in a sentence beyond the statutory range authorized by the verdict."  *United States v. Brown,* 560 F.3d 754, 771 (8th Cir. 2009), *cert. denied sub nom. Giles v. United States,* 130 S. Ct. 1135 (2010).

Brown was convicted by the jury of Counts I and VI, and with respect to Count I he was found responsible beyond a reasonable doubt for 1,000 kilograms or more of

---

[1] Levy did object to the application of § 2D1.1(d)(1), but on the grounds that the evidence was not sufficient to trigger the upward adjustment. (Filing No. 599, at 2.)

6

marijuana, resulting in a statutory term of 10 years to life imprisonment.  His situation mirrored Giles's.

For the reasons discussed, Brown cannot prove the prejudice prong of the *Strickland* test, and this claim will be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 800);

2. Upon initial review, the Court summarily dismisses Claims III and V;

3. On or before May 31, 2011, the United States shall file an Answer to Claims I, II, and IV and support its Answer with a brief;

4. On or before July 1, 2011, the Defendant may file a responsive brief.

DATED this 28th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

7