### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:06CR116** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **CHARMAR BROWN,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 800) and the Motion for an Evidentiary Hearing (Filing No. 834) filed by the Defendant, Charmar Brown, through counsel. Brown's motion incorporated a supporting brief and evidence. The government filed a brief in support of its Answer (Filing No. 816) and an index of evidence (Filing No. 817). The Defendant filed a reply brief and additional evidence[1] (Filing No. 832). On initial review, the Court summarily dismissed Claims III and V and required the government to answer Claims I, II, and IV. In addition to answering Claims I, II, and IV, Brown asks the Court to reconsider its summary denial of Claim V. For the reasons discussed below, the § 2255 motion will be denied on its merits.

### FACTUAL BACKGROUND

Brown was first indicted on April 20, 2006, with codefendant Dale Giles, in a seven-count Indictment. Susan Bazis was Brown's retained counsel. On January 18, 2007, Brown was indicted with the final, Fifth Superseding Indictment with the following counts: I (conspiracy to distribute or possession with intent to distribute at least 1,000 kilograms of marijuana); II, IV, VII (using or carrying a firearm in relation to a drug trafficking crime); and

---

[1] Brown did not request leave to file additional evidence, and the Court did not direct the parties to expand the record. RULE 7(A) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS. Consequently, this additional evidence will not be considered.

VI (possession with intent to distribute at least 100 kilograms of marijuana). The Fifth Superseding Indictment also charged codefendants Dale Giles, Evereada Kouris, and Lavelle Giles.

Brown was found guilty after a jury trial of the following counts of the Fifth Superseding Indictment: I (conspiracy to distribute or possession with intent to distribute at least 1,000 kilograms of marijuana); II, IV, VII (using or carrying a firearm in relation to a drug trafficking crime); and VI (possession with intent to distribute at least 100 kilograms of marijuana). Brown was sentenced to the following terms of imprisonment: life on Counts I and VI (grouped); 120 months on Count II, to be served consecutive to the terms imposed on Counts I and VI; 300 months on Count IV, to be served consecutive to all other counts; and 300 months on Count VII, to be served consecutive to all other counts. Property was also forfeited.

Brown appealed, raising several grounds. The Eighth Circuit Court of Appeals reversed Brown's conviction on Count VII, remanded his case for resentencing, and otherwise affirmed this Court's judgment.

Brown was resentenced, and Count VII was vacated. Brown was sentenced as he was previously on the remaining counts. The United States Supreme Court denied Brown's petition for a writ of certiorari. His timely § 2255 motion followed.

On March 20, 2007, Bazis was granted leave to withdraw when she was appointed to serve as a Douglas County Court Judge. Michael Levy was then appointed to represent Brown, and he represented Brown at trial in October of 2007, and at sentencing, and Levy began the appeal process. Jessica Milburn was appointed by the Eighth Circuit as co-counsel. Levy withdrew during the appeal process, and Milburn became sole counsel. Levy

is now deceased. Milburn withdrew on July 24, 2009, approximately four months after the Eighth Circuit issued its opinion and after Brown was resentenced. Tracy Hightower-Henne entered her appearance on the day she filed Brown's § 2255 motion.

Brown argues that his trial counsel, Bazis and Levy, were ineffective. Each claim that the government was required to answer is discussed below, and the Court declines to reconsider its summary denial of Claim V.

## DISCUSSION

### I.  § 2255 Motion

In order to establish ineffective assistance of counsel, Brown must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

### A.  Claim I: Advice Regarding Life Sentence and Coconspirator Liability

Brown argues that both Bazis and Levy were ineffective in failing to advise him that he faced life imprisonment on the drug counts under the sentencing guidelines and in failing to tell him he faced consecutive 25-year sentences on the gun counts. He also argues his attorneys never advised him that he could be found guilty under coconspirator liability.

### 1.  Life Sentence

The evidence submitted by the government shows that Bazis had "numerous conversations" with Brown about the life sentence he faced. While one can infer from the

affidavit that these discussions related to the time Brown faced under the sentencing guidelines because Bazis refers to the amount of time Brown would face "if he took his case to trial and lost," the affidavit does not specifically state their discussions related to the sentencing guidelines as opposed to statutory penalties. Bazis's affidavit does not address whether they discussed the consecutive 25-year sentences on the gun counts. (Filing No. 817-2.)

Despite these deficiencies in the affidavit, however, Brown cannot meet the prejudice prong of *Strickland.* The record shows that Brown was advised by the Court that he faced a statutory term of 10 years to life imprisonment with respect to Count I and consecutive 25-year terms with respect to Counts IV and VII when he was arraigned on the Fifth Superseding Indictment. (Filing No. 817-3.) Moreover, the record shows that Brown was advised of the statutory 10 years to life term of imprisonment for the conspiracy count when he was arraigned on the original Indictment as well as the First, Second, Third, and Fourth Superseding Indictments. (Filing Nos. 3, 5, 20, 24, 32, 54, 109, 162, 191, 197.) On each occasion, Brown stated that he understood the penalties. (*See, e.g.,* Filing No. 817-3, at 6.) "Such '[s]olemn declarations in open court carry a strong presumption of verity.'" *Cf. United States v. Granados,* 168 F.3d 343, 344 (8th Cir. 1999) (stating that defendant could not prove prejudice where, although his attorney failed to properly advise him of the effect of the sentencing guidelines, the court had advised him of the statutory term before his plea, defendant understood the maximum penalty, and the sentence was within the statutory term); *Feather v. United States,* 9 F.3d 114, at *1 (8th Cir. 1993) (stating defendant could not prove prejudice, where counsel incorrectly advised him of the maximum statutory penalty,

4

but the court advised him before the plea of the correct penalty and defendant stated he understood the penalty).

## 2.     Coconspirator Liability

Brown argues that Bazis and Levy never told him he could be found guilty of Count I under *Pinkerton v. United States,* 328 U.S. 640 (1946). However, Count I was not charged under *Pinkerton,* and the jury was not instructed under *Pinkerton.*[2] Insofar as Brown argues that he was not advised that he could be held responsible for his coconspirators acts in reasonable furtherance of the conspiracy, the record shows that Brown knew and understood the substantial maximum statutory penalties that render this discussion moot. Moreover, the record does not show that Brown would have pleaded guilty, assuming that he was not advised appropriately. Given the severity of the penalties Brown faced, together with the pending state court case,[3] it is unlikely that a straight-up plea would have benefitted Brown.[4] Brown cannot prove prejudice under *Strickland,* and therefore the Court need not address the ineffectiveness prong of the *Strickland* test.

## B.     Claim II: Conflict of Interest

Brown argues that Bazis was ineffective for continuing to represent him despite a conflict of interest. Specifically, Brown states that during the time she represented him she simultaneously represented James Giles, a cousin of Brown's codefendant Dale Giles, in

---

[2]The relevant jury instruction is Eighth Circuit Model Jury Instruction 5.06J.

[3]Brown faced simultaneous state charges of first degree murder (carrying a possible death penalty) and using firearms to commit the murders.

[4]The government's evidence states that no plea offer was ever made to Brown, and the case would have been a difficult one to resolve through a plea agreement given the state charges.

5

state court and was being paid by Dale Giles for James Giles's representation. He also states that Bazis previously represented codefendants Dale Giles, Terrance Howard, Evereada Kouris. Brown claims that because of Bazis's association with Giles, Howard, and Kouris, she did not negotiate a plea as directed by Brown. The Court notes that Brown retained Bazis.

> The Eighth Circuit has stated:
>
> A claim for ineffective assistance of counsel arising from a conflict of interest does not require proof of the prejudice component of the *Strickland* test. Rather, the petitioner can establish a Sixth Amendment violation if he can demonstrate that "an actual conflict of interest adversely affected his lawyer's performance." . . . [T]he petitioner must prove both that his attorney acted under an actual conflict of interest, as opposed to just a potential one, and that the conflict of interest actually affected the adequacy of the representation.

*Johnson v. Norris,* 207 F.3d 515, 519 (8th Cir. 2000) (citations omitted).

An "actual" conflict of interest occurs when an attorney simultaneously represents two defendants in the same case. *Dawn v. Lockhaert,* 31 F.3d 718, 721 (8th Cir. 1994). Prior representation is immaterial. *Simmons v. Lockhart,* 915 F.2d 372, 378 (8th Cir. 1990) (discussing prior representation of a trial witness). Demonstration that an actual conflict "affected the adequacy of the representation," *Johnson,* 207 F.3d at 519, "must be an actual and demonstrable effect of the conflict, and not merely an abstract or theoretical one." *Simmons,* 915 F.2d at 378.

Bazis stated in her affidavit that she never had an actual conflict of interest because she did not represent two codefendants in this case simultaneously. (Filing No. 817-2, at 2.) The government noted in its brief that Bazis withdrew more than six months before trial. Bruce Gillan noted in his affidavit that the cases would have been "difficult" to reach an

6

agreement to settle Brown's case through a plea because of the state charges. Gillan noted the U.S. Department of Justice's strict policy against no-contest pleas, and the complications that would confront Brown in state court if he pleaded guilty in this case.

Brown has not shown an actual conflict of interest. Even assuming that an actual conflict existed, he has only shown a theoretical effect of the alleged conflict on the quality of Basis's representation in the early part of his case.

### C.    Claim IV: Evidence Regarding Count II; Limiting Instruction

Brown claims that Levy was ineffective for failing to object under Federal Rule of Evidence 404(b) to the testimony of witnesses Cyrinthia Williams and Clarence Dennis or, alternatively, to request an instruction limiting the testimony to Count I.

Williams testified regarding a shooting on October 3, 2005, during which Dale Giles shot her brother, Monte Williams. Dennis testified that he and Monte Williams stole marijuana from Brown and Dale Giles, purchased marijuana from Brown, and was involved in a shooting with Brown and Dale Giles that appears to have occurred on October 11, 2005, as retaliation for the marijuana theft. Brown argues that the evidence of the October 11, 2005, shooting prejudiced Brown with respect to Count II, which charged him with using a gun on or about October 3, 2005.

Rule 404(b) is a "rule 'of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition.'" *United States v. Claxton,* 276 F.3d 420, 423 (8th Cir. 2002) (quoting *United States v. DeLuna,* 763 F.2d 897, 912 (8th Cir. 1985)). Drugs and guns are closely connected. *Id.*

Count II charged Brown with gun activity "on or about" October 3, 2005, which arguably could include October 11, 2005. Finally, the drug conspiracy was charged "[f]rom an unknown date but at least as early as October 1, 2004, up to and including June 20, 2006." In its opinion, the Eighth Circuit noted that "[t]he evidence of the later shooting was presented to establish the motive for the attack on Monte Williams on October 3 and to tie it to the drug conspiracy." (Filing No. 737, at 10.) In other words, the testimony of Cyrinthia Williams and Clarence Dennis clearly was related to the charges in Counts I and II. Because the evidence was not related to "other crimes," Rule 404(b) does not apply. Brown cannot prove either prong of *Strickland.*

## CONCLUSION

For the reasons discussed, Brown cannot satisfy the *Strickland* test. The record conclusively shows that Brown is not entitled to relief, and his § 2255 motion will be denied.

IT IS ORDERED:

1.  The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 800) is denied;

2.  The Defendant's motion for an evidentiary hearing (Filing No. 834) is denied; and

3.  A separate Judgment will be filed.

DATED this 7th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge