# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| UNITED STATES OF AMERICA | 2nd AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 8:06CR116-002<br>USM Number: 20267-047 |
| CHARMAR BROWN | Jeffrey M. Brandt<br>Defendant's Attorney |
| **Date of Original Judgment: 02/05/2008**<br>**(Or Date of Last Amended Judgment)** | |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))  ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))  ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☒ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))  ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)  ☐ Direct Motion to District Court Pursuant ☐28 U.S.C. § 2255 or ☐18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on counts I, II, IV, VI and VII of the Fifth Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section & Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUT MARIJUANA | June 20, 2006 | 1sssss |
| 18:924(c)(1)(A) and (C)(i) and 18:2 USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME (COUNT 1) | October 3, 2005 | 2sssss |
| 18:924(c)(1)(A) and (C)(i) and 18:2 USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME (COUNT 1) SUBSEQUENT CONVICTION ON 18:924(c) | May 4, 2005 | 4sssss |
| 21:841(a)(1) & (b)(1)(B)(vii) POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA | April 4, 2006 | 6sssss |
| 18:924(c)(1)(A) and (C)(i) and 18:2 USE OF A FIREARM DURING DRUG TRAFFICKING CRIME (COUNT 6) SUBSEQUENT CONVICTION ON 18:924(c) | June 26, 2006 | 7sssss |

The defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ The Indictment, Superseding Indictment, Second Superseding Indictment, Third Superseding Indictment and Fourth Superseding indictment are dismissed on the motion of the United States as to this defendant only. The Sentence imposed on count VIIsssss is vacated.

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 8, 2017
Date of Imposition of Sentence:


s/Laurie Smith Camp
Chief United States District Judge

November 8, 2017
Date

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Life on count I of the Fifth Superseding Indictment; 120 months on Count II, to be served consecutive to the sentence imposed on count I; 300 months on Count IV, to be served consecutive to the sentences imposed on counts I and II and 480 months on count VI, to be served concurrent with the sentence imposed on count I.**

☒ The Court makes the following recommendations to the Bureau of Prisons:

1. Defendant should be given credit for time served.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY: _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years on count I; 4 years on count VI, to be served concurrently; 3 years on counts II and IV, to be served concurrently**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

    days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

## SPECIAL CONDITIONS OF SUPERVISION

a. You must not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

b. You must submit your person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.

c. You must attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer.

d. You must participate in a victim awareness program as directed by the probation officer. Based on your ability to pay, you must pay for the costs of the program in an amount determined by the probation officer.

n. You must provide the probation officer with access to any requested financial information.

zz. You must report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $500.00 **(paid)** | | | |

☐ The determination of restitution is deferred until  . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**Totals**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.


☒    The defendant shall forfeit the defendant's interest in the following property to the United States:  The Court found the property in count IXsssss should be forfeited to the United States with the sole exception of the vehicle identified as a 2003 Buick Rendezvous.  **See Attachment A**

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

# ATTACHMENT A

**A) UNITED STATES CURRENCY:**

1) $2,562.00 in United States currency recovered from Charmar Brown on February, 6, 2005;

2) $47,430.00 in United States currency seized from Dales Giles and Charmar Brown on March 20, 2005;

3) $2,588.00 in United States currency seized from Charmar Brown on April 11, 2005;

4) $12,647.00 in United States currency seized from Dale Giles on May 22, 2005;

5) $358,030.00 in United States currency recovered from Milt's Mini Storage unit 246 on April 3, 2006;

6) $164,900.00 in United States currency recovered from Crown Point Mini Storage unit 135 on April 4, 2006;

7) $81,000.00 in United States currency recovered from 7006 ½ Maple Street on April 4, 2006;

8) $22,990.00 in United States currency recovered from 2629 North 130th Street on April 4, 2006;

9) $2,421.00 in United States currency recovered from Dale Giles on April 4, 2006;

10) $16,000.00 in United States currency recovered on April 14, 2006;

11) $800.00 in United States currency recovered from a Buick Rendezvous on September 14, 2006;

**B) VEHICLES:**

12) A 2005 Dodge Magnum, VIN 2D4GZ58295H623338, registered to Lamont Giles recovered from 7006 ½ Maple on April 4, 2006;

13) A 2006 BMW 750 Li, VIN WBAHN83526DT35866 recovered from 7006 ½ Maple on April 4, 2006;

14) A 2006 BMW 750 Li, VIN WBAHN83586DT35953, recovered from 7006 ½ Maple on April 4, 2006;

15) A 2004 Chevrolet Silverado K1500, VIN 2GCEK19T641181036 registered to Charmar/Audrey Brown recovered from 7006 ½ Maple on April 4, 2006;

16) A 2003 Chevrolet K1500 Suburban, VIN 1GNFK16Z33J233442 registered to 40 Deuce Music Corp. recovered from 7006 ½ Maple on April 4, 2006;

17) A 2004 Chevrolet Corvette, VIN 1G1YY22G645112921 recovered from 7006 ½ Maple on April 4, 2006;

18) 2005 Dodge Durango, VIN 1D4HB48N55F551276 registered to Evereada Kouris recovered from 72nd and Cornhusker on April 4, 2006;

19) A 1973 Chevrolet Caprice, VIN 1L57H3S119839 registered to Dale Lamont Giles recovered from Milt's Mini Storage unit 245 on April 3, 2006;

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002

20) A 1985 Cadillac El Dorado, VIN 1G6EL5782FE648329 recovered from Milt's Mini Storage unit 246 on April 3, 2006;

21) 2002 Chevrolet K1500 Suburban, VIN 3GNFK16Z02G254524 registered to Charmar Brown recovered from 2629 N. 130th on April 4, 2006;

22) A 2005 Cadillac Escalade, VIN 3GYFK66N45G157635 registered to Dale Giles recovered in driveway at 6053 Ellison on April 4, 2006;

23) 1973 Chevrolet Caprice Convertible, VIN 1N67R3S236208 recovered from 7603 Crown Point Ave. #292 on April 4, 2006;

24) A 1984 Dodge Ram 150 Van, VIN 2B7FB13H9EK247549 recovered from 7603 Crown Point Ave. #350 on April 4, 2006;

25) 1966 Chevrolet Impala, VIN 1643768S241082 recovered from PS Auto Body, 2832 N. 70th Ave., on April 6, 2006;

26) 1972 Chevrolet Monte Carlo, VIN 1H57J2K509758 recovered from PS Auto Body, 2832 N. 70th Ave., on April 6, 2006;

27) 2003 Chevrolet Monte Carlo, VIN 2G1WW12E539234113 registered to Latasha Willis recovered from Milt's Mini Storage unit 427 on April 8, 2006;

28) 2000 Ford F-150, VIN 1FTRX18W0YKA54559 registered to K-Nown LLC recovered from Dale Giles and Lavelle Giles on 60th and Ames on April 4, 2006;

29) A 2003 Chevrolet Silverado K1500, VIN 2GCEK19N631403882 registered to Dale Lamont Giles;

30) 2000 Buick LaSabre VIN 1G4HR54KXYU141529 registered to Dale Giles;

C) **FINANCIAL ACCOUNTS:**

31) Edward Jones Account # 62309705 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,264.14;

32) Edward Jones Account # 62309881 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,576.93;

33) Edward Jones Account # 62309882 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,576.93;

34) US Bank Account # 2-630-9900-6839 in name of Dale Giles with a balance as of April 18, 2006, of $662.20;

35) US Bank Account # 1-508-9093-4758 in name of K-Nown (LLC) with a balance as of April 18, 2006, of $298.16;

36) All interest Dale Giles has in any real estate commissions paid to or through Dan Swartz Realty and an escrow account with Talon Group, 3923 S. McClintock St., Ste. 410, Tempe, AZ 85282 for real property located at 11733 W. Hadley St., Avondale, AZ 85323, in the amount of $28,543.00;

39) All interest Dale Giles has in a cashiers check issued from U.S. Bank representing the proceeds of closed account # 1-508-9093-4691 in the amount of $2,888.11; 40) All interest Charmar Brown has in a cashiers check issued from U.S. Bank representing the proceeds of closed account # 1-508-7050-0074 in the amount of $542.36;

DEFENDANT: CHARMAR BROWN
CASE NUMBER: 8:06CR116-002


**D) REAL PROPERTY:**

41) all right, title and interest Dale Giles may hold to the real property described as Lot 12, West Keystone Park, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3811 N. 88 Ave., Omaha, Nebraska;

42) all right, title and interest Dale Giles and Charmar Brown may hold to the real property described as the East 35 feet of the South 110 Feet of Tax Lot 17, in Section 3, Township 15 North, Range 13 East of the 6thP.M., an Addition to the city of Omaha, as surveyed, platted, and recorded in Douglas County, Nebraska, commonly known as 2118 Ames Avenue, Omaha, Nebraska;

43) all right, title and interest Dale Giles and Charmar Brown may hold to the real property described as Lots1, 2, 3, 4, 5 and 6, Block 14, in Weir Crest, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, except a triangular parcel of land located in the Northeast corner of Lot 1, Block14, in Weir Crest, deeded to the City of Omaha in Warranty Deed filed March 10, 1977 in Book 1564 at Page405 of the Deed Records of Douglas County, Nebraska, described as follows: Beginning at the Northeast corner of Lot 1; thence South 5 feet along the East property line of Lot 1; thence Northwesterly 7.07 feet to a point on the North line of Lot 1, said point being 5 feet West of the Northeast corner of Lot 1; thence East 5 feet along the North property line of Lot 1, to the point of beginning, commonly known as 4816 S. 60th St., Omaha, Nebraska, and Lots 42 and 43 in Block 14, in Weir Crest, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska; and Lots 44, 45, 46, 47 and 48, in Block 14, in Weir Crest, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, except a triangular parcel of land located in the Southeast corner of Lot 48, Block 14, in Weir Crest, deeded to the City of Omaha in Warranty Deed filed March 10, 1977 in Book 1564 at Page 402, described as follows: Beginning at the Southeast corner of Lot 48; thence North 5 feet along the East property line of Lot 48; thence Southwesterly 7.07 feet to a point on the South property line of Lot 48; thence East 5 feet along the South property line of Lot 48, to the point of beginning, commonly known as 4824 S. 60th St., Omaha, Nebraska; E)

**MISCELLANEOUS:**

44) Recording equipment including but not limited to speakers, monitors, keyboards, computers, recorders, and microphones seized from 4816 S. 60th St., on April 4, 2006;

45) A Magnavox 50 inch television recovered from 1214 Applewood Drive, G208, on April 4, 2006;

46) A JVC 56 inch wide screen projection television recovered from 7603 Crown Point Ave., #135 on April 4,2006;

47) Any and all jewelry including but not limited to three watches recovered from 1214 Applewood Drive, G208, on April 4, 2006;

48) Any and all jewelry including but not limited to diamond earrings and ring taken from Evereada Kouris on or about June 26, 2006; and

49) Any and all jewelry including but not limited to gold chains, rings, watch, bracelet and a diamond pendant recovered from 3547 North 40th Avenue on June 26, 2006.