IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHARMAR BROWN,<br>Defendant. | **8:06CR116**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Charmar Brown's ("Brown") *pro se* motions: a Motion for a Sentence Reduction based upon Amendment 782 to the Guidelines (Filing No. 1075), s*ee* 18 U.S.C. § 3582(c)(2); and a motion seeking relief under 18 U.S.C. § 3582(c)(1)(A) (Filing No. 1076).[1]

## I. BACKGROUND

On April 20, 2006, a grand jury returned seven-count Indictment against Brown and his co-defendants (Filing No. 1). On January 18, 2007, a Fifth Superseding Indictment (Filing No. 298) was filed and charged Brown with the following: Count I charged him with conspiracy to distribute or possession with intent to distribute at least 1000 grams of marijuana in violation of 21 U.S.C. § 846; Counts II, IV, and VII charged him with using or carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), (C)(i) and § 2; and Count VI charged him with possession with intent to

[1]Brown filed a motion seeking relief under 28 U.S.C. § 2255 on April 4, 2011, which was denied. His appeal from that motion was unsuccessful. Brown has since filed a number of motions seeking § 2255 relief, each of which has been denied as successive. Some of what Brown raises in these motions now before the Court seeks § 2255 relief which is successive. The Court will entertain the current motions under 18 U.S.C. § 3582, but reminds Brown that some of the relief he seeks likely falls under § 2255, is untimely and successive and will not yield any relief.

distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(vii).

At trial, the jury found Brown guilty of each of the charges against him. The Court sentenced him to life imprisonment on Counts I and VI; 120 months consecutive to Count II ; 300 months consecutive on Count IV; and 300 months consecutive on Count VII.

Brown appealed his convictions and sentences. *United States v. Brown*, 560 F.3d 754, 759 (8th Cir. 2009). The Eighth Circuit reversed and vacated Brown's conviction on Count VII based on an erroneous jury instruction and remanded for resentencing but affirmed Brown's convictions and sentences on the remaining counts. *Id.* This Court imposed the same sentences (minus Count VII).[2]

## II. DISCUSSION

### A. Relief Under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines

Brown seeks relief under 18 U.S.C. § 3582(c)(2) which provides:

The court may not modify a term of imprisonment once it has been imposed except that—

> "(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Brown claims that he is entitled to relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). That amendment lowered the offense

---

[2]The sentence on Count VI was later corrected to 480 months (Filing No. 982). *See United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019).

level for federal drug-trafficking offenses, including marijuana, by two levels. The difficulty with Brown's argument is that the change in the Guidelines makes no difference here. Because Brown's sentencing guideline range was determined pursuant to U.S.S.G. § 2A1.1 (cross-referenced from U.S.S.G. § 2D1.1),[3] due to the murders of two drug dealers by Brown and a co-defendant, the total offense level assigned to Brown and the resultant guidelines range would remain the same. Therefore, Brown is not entitled to a retroactive reduction in his sentence, even given any adjustments to the Drug Quantity Tables in U.S.S.G. § 2D1.1.

Brown admits that here, but argues the Court did not properly handle his sentencing on remand.[4] In fact, the record reflects that the Court vacated Count VII and an amended judgment (Filing No. 754) was entered imposing the same sentences as originally imposed. *See Brown*, 915 F.3d at 1201 ("On remand, at the resentencing hearing, the parties agreed the court's only job was to vacate the sentence on Count 7. The court entered a new judgment, removing the 300-month sentence on Count 7 but leaving the other sentences unchanged. Brown did not appeal.") If anything, this issue should have been raised on appeal or in a § 2255 motion. It is now foreclosed.

In sum, Brown is not entitled to relief under 18 U.S.C. § 3582(c)(2). That motion is denied.

---

[3]"If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder) or § 2A1.2 (Second Degree Murder), as appropriate, if the resulting offense level is greater than that determined under this guideline." U.S.S.G. § 2D1.1(d)(1).

[4]This argument was not raised on appeal or in any § 2255 motions – either the original motion or even the later motions denied as successive.

**B. Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)**

Brown also filed a separate motion seeking compassionate release under 18 U.S.C. § 3582(a)(1)(A) arguing that there are "extraordinary and compelling reasons" which support his release (Filing No. 1076).

Brown later filed a Supplemental Motion (Filing No. 1077) wherein he recognizes that recent Supreme Court precedent forecloses his argument that a non-retroactive change in sentencing law when "considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Rutherford v. United States*, 608 U.S. 454, ___, 146 S.Ct. 1320, 1335 (2026).

Reading Brown's submission in a light most favorable to him it appears that he is now seeking compassionate release based on the following reasons: childhood trauma, exposure to gun violence, exposure to community violence, his developmental issues, sentencing disparities, and his rehabilitation efforts.

United States Sentencing Guidelines ("U.S.S.G.") § 1D1.13 allows a court to "reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a). That section also requires that the "defendant not be a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(2) and (3).

U.S.S.G. § 1B1.13(b) sets forth a number of factors that may rise to the level of extraordinary and compelling reasons. None of the circumstances raised in § 1B1.13(b)(1)-(4) are raised by Brown. He does raise issues relating to § 1B1.13(b)(5) which provides:

> "OTHER REASONS.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with

any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

The issues raised by Brown in his compassionate release motion, all of which were raised before the sentencing judge, do not rise to the level of extraordinary and compelling reasons justifying Brown's release.

Having thoroughly reviewed Brown's request against the backdrop of the Sentencing Guidelines Policy Statements and the 18 U.S.C. § 3553(a) factors applicable here, the Court finds that compassionate release is not appropriate. Accordingly,

IT IS ORDERED:

1. Charmar Brown's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines (Filing No. 1075) is denied.

2. Brown's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 1076) is denied.

3. Brown's Supplemental Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 1077) is also denied.

Dated this 16th day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge